**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Barry Jay FELDMAN,**
**Defendant-Appellant.**

**No. 84–5142.**

United States Court of Appeals,
Ninth Circuit.

Oct. 13, 1987.

Before FLETCHER, PREGERSON and CANBY, Jr., Circuit Judges.

### ORDER

In his motion of May 11, 1987, Barry Jay Feldman contends that he was deprived of his sixth amendment right to appointed counsel on direct appeal. He requests that we recall the mandate in this case and grant him a new appeal. In his motion of May 15, 1987, Feldman asks this court to appoint an attorney to represent him in any further proceedings before this court.

■ The right to counsel on direct appeal arises not from the sixth amendment, but from due process and equal protection considerations. *See, e.g., Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Ross v. Moffit,* 417 U.S. 600, 608–09, 94 S.Ct. 2437, 2442–43, 41 L.Ed.2d 341 (1974). The rationale is that it would be unfair to allow wealthy defendants the benefit of representation on appeal, while denying the benefit to indigent defendants. *See Douglas,* 372 U.S. at 355–58, 83 S.Ct. at 815–17.

Feldman appeared pro se throughout his trial. He continued to appear pro se during his appeal, assisted by a Federal Public Defender who served as advisory counsel. In correspondence with the court clerk regarding his appeal, Feldman repeatedly referred to himself as "counsel of record." In a letter to the clerk dated September 26, 1984, a copy of which is attached to the motion to recall the mandate, Feldman stated: "I am the counsel of record in this case.... and *any* papers your office dispenses in this case should come to me, not to any listed advisory counsel." (Emphasis in original.) Following his appeal he moved to recover costs. Although this court had previously granted costs only to attorneys appointed to represent indigent defendants, we awarded costs to Feldman, noting that "to bar a *pro se* defendant from recovering costs would be tantamount to placing an impediment on a defendant's right to appear *pro se." United States v. Feldman,* 788 F.2d 625, 626 (9th Cir.1986). In sum, the record plainly shows that Feldman knowingly and intelligently waived his right to counsel and chose to appear pro se.

■ Recall of the mandate "is an extraordinary remedy which is only granted in cases where it is necessary to serve the interests of justice." *United States v. Barela,* 571 F.2d 1108, 1114 (9th Cir.1978) (Ferguson, J., dissenting) (citations omitted). The decision whether to grant this remedy rests entirely within this court's discretion. *See, e.g., Feldman v. Henman,* 815 F.2d 1318, 1322 (9th Cir.1987) (citing *Williams v. United States,* 307 F.2d 366, 368 (9th Cir.1962)). We use our power to grant this remedy sparingly, in recognition of the rule that "[t]here must be special reason, 'exceptional circumstances,' in order to override the strong policy of repose, that there be an end to litigation." *Barela,* 571 F.2d at 1114 (Ferguson, J., dissenting) (quoting *Greater Boston Television Corp. v. FCC,* 463 F.2d 268, 277–78 (D.C.Cir. 1971)).

■ We decline to grant this discretionary remedy in this case. The record amply demonstrates that Feldman knowingly and intelligently waived his right to counsel. Feldman may be correct in arguing that the court clerk committed a procedural error by failing to require that Feldman sub-

mit his waiver in writing.[1] Any such error, however, would not amount to a violation of due process or equal protection, and would not be of sufficient magnitude to warrant the extraordinary remedy he now seeks.

 We also decline to appoint counsel for further proceedings before this court. The Supreme Court held in *Ross v. Moffit*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), that there is no constitutional right to appointed counsel on appeals after the first appeal as of right.

SO ORDERED.

---

1. Section 3(b) of the Revised Provisions for the Representation on Appeal of Persons Financially Unable to Obtain Representation requires the clerk to notify a pro per appellant that "if the appellant does not desire the appointment of counsel, he shall so advise the court, by filing with the Clerk a written statement to that effect, signed by the appellant." As the title indicates, this provision pertains to the appointment of *representative* counsel. Feldman has never maintained that he wanted to be *represented* by counsel on appeal. Rather, he wanted the court to appoint a particular attorney—his former advisory counsel—as *advisory* counsel on appeal, "to replace the Office of the Public Defender on appeal." Motion to Recall the Mandate at 2, n. 2.