**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Anthony FAVORITO,**
**Defendant–Appellant.**

**No. 92–50465.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 2, 1993.

Decided Sept. 28, 1993.

---

Oswald Parada, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Brent A. Whittlesey, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges.

BRUNETTI, Circuit Judge.

Michael Anthony Favorito appeals the fine imposed on him by the district court in connection with his guilty plea to three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a) (1988). The court sentenced Favorito to three concurrent terms of 135 months each and ordered him to pay restitution, a special assessment, and a fine.

Favorito contends that: (1) the district court clearly erred in finding that he had the ability to pay a fine; and (2) the district court misapplied § 5E1.2(i) of the United States Sentencing Guidelines (Nov.1991) (Guidelines) by imposing a fine for incarceration costs without first imposing a punitive fine pursuant to Guidelines § 5E1.2(c). We affirm the district court on both issues.

* Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designa-

## ABILITY TO PAY

The district court's determination that a defendant has the ability to pay a fine is reviewed for clear error. *United States v. Nazifpour,* 944 F.2d 472, 475 (9th Cir.1991). Under the Guidelines, the defendant bears the burden of proving inability to pay. *United States v. Quan–Guerra,* 929 F.2d 1425, 1427 (9th Cir.1991). The court may impose a fine upon even an indigent defendant if it finds that the defendant "has sufficient earning capacity to pay the fine following his release from prison." *United States v. Seminole,* 882 F.2d 441, 443 (9th Cir.1989); *see also* Guidelines § 5E1.2(d)(2).

The evidence before the court as to Favorito's financial resources consisted of the Guideline Presentence Report (PSR) and statements of defense counsel. Favorito's undisputed net worth was $4,500. The PSR also stated that Favorito was the beneficiary of a trust (or annuity) paying him $650 per month for life, and noted that Favorito's brother

> has stated that the defendant will continue to receive funds from the trust he has enjoyed so far, however, only $100 maximum will be sent to him while he is incarcerated. The remaining portion will be placed into an account that will be given to the defendant upon his release from imprisonment.

Counsel for Favorito disputed the PSR's veracity at the sentencing hearing, declaring that Favorito's brother had since learned he had been mistaken with respect to the terms of the trust. Counsel stated: "I believe that the provision is clear that if [Favorito] is arrested, he is not legally entitled to any of that money." However, Favorito presented no trust documents or any other evidence to support this claim.

The record indicates that the district court did not err in finding that "it appears that Mr. Favorito has the means" to pay a fine. Favorito had to meet his burden of proving inability to pay. Creating a mere conflict in the information before the court did not suf-

tion.

fice. *United States v. Schubert*, 957 F.2d 694, 697 (9th Cir.1992).

## COST OF INCARCERATION FINE

■ We review *de novo* both the district court's interpretation of the Guidelines, *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992), and its application of the Guidelines, *United States v. Kohl*, 972 F.2d 294, 297 (9th Cir.1992).

■ Guidelines § 5E1.2(a) states, "The court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Section 5E1.2 provides for two types of fines. Section 5E1.2(c) assigns a punitive fine range to each offense level, and § 5E1.2(i) mandates "an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." Both provisions are subject to § 5E1.2(f), which *inter alia* allows the court to "impose a lesser fine or waive the fine" if the defendant establishes the inability to pay the full amount.

At Favorito's sentencing, the district court declined to impose the § 5E1.2(c) punitive fine recommended by the probation officer "because I am going to order payment of the costs of imprisonment.... The actual cost of imprisonment not to exceed $650 a month."

Favorito contends that the court thereby violated the Guidelines. If the court declined to impose a punitive fine, he reasons, the cost of incarceration fine was not "additional" as dictated by the plain language of the Guidelines. This issue—whether under the Guidelines the district court can impose a cost of incarceration fine without first imposing a punitive fine—is one of first impression within this circuit.

At least four other circuits have considered the matter. Favorito's view stems from *United States v. Labat*, 915 F.2d 603 (10th Cir.1990), which held that "fundamental semantics dictates that a subparagraph (i) fine cannot be 'additional,' unless it augments another fine." *Id.* at 607. The First and Fifth Circuits have subsequently adopted the *Labat* holding. *United States v. Fair*, 979 F.2d 1037, 1042 (5th Cir.1992); *United States v. Corral*, 964 F.2d 83, 84 (1st Cir.1992).

However, the Seventh Circuit recently took issue with *Labat*'s rationale. In *United States v. Turner*, 998 F.2d 534, 1993 WL 258860, at *3, 1993 U.S.App.LEXIS 17472, at *10 (7th Cir. July 14, 1993), the court pointed out that "[a]n 'additional' fine doubtless means that the judge must add two numbers together, but zero is a number." The *Turner* court reasoned that § 5E1.2 is properly read to give the sentencing court discretion to calculate a total fine amount, based on both fine provisions, and then to reduce, waive, or stretch out payment of the fine according to the defendant's ability to pay. Moreover, as stated by the court,

> it would be folly to create a [*Labat*] rule under which imposing a fine of $1 from the [§ 5E1.2(c)(3) punitive fine] table compels the court to add a fine measured by the costs of incarceration, while imposing a fine of $0 from the table forbids the court to add a fine measured by the costs of incarceration.

*Id.*

We adopt the *Turner* reading of § 5E1.2. Favorito's offense level of 30 indicated a § 5E1.2(c) fine range of $15,000 to $150,000. The PSR, citing a 1991 advisory from the Administrative Office of the U.S. Courts, estimated the current monthly cost of Favorito's incarceration at almost $1,500. The evidence indicates Favorito's ability to pay was $650 per month. The district court simply imposed the highest fine within the total permitted by the Guidelines, regardless of rubric, that it found Favorito could afford to pay. The district court did not err in imposing a fine of costs of imprisonment not to exceed $650 per month, without imposing a separate punitive fine.

**AFFIRMED.**