17 F.3d 396
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel CHAVEZ-GARCIA, Defendant-Appellant.
 No. 93-30273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Israel Chavez-Garcia appeals from his sentence imposed following his conviction for possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). Chavez-Garcia contends that the district court erred by refusing to depart downward for aberrant behavior and by imposing a fine. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court's discretionary refusal to depart downward is not reviewable on appeal. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). At Chavez-Garcia's sentencing hearing, the district court stated: "The Court is of the view that it has the discretion certainly to make a downward departure on the basis of a finding that his conduct in this case was aberrant behavior. This court is not of that view." We lack jurisdiction to review this discretionary refusal to depart. See id.
 
 
 4
 Chavez-Garcia also contends that the district court erred by imposing a fine of $16,255 because his only source of funds was money subject to Washington state forfeiture proceedings. This contention lacks merit.
 
 
 5
 We review for clear error the district court's finding that the defendant is able to pay a fine. United States v. Favorito, 5 F.3d 1338, 1339 (9th Cir.), petition for cert. filed, --- U.S.L.W. ---- (U.S. Dec. 27, 1993) (No. 93-7315). The district court must impose a fine unless the defendant establishes that he is unable to pay and unlikely to become able to pay. U.S.S.G. Sec. 5E1.2(a)(f), (i); Favorito, 5 F.3d at 1339.
 
 
 6
 $16,255 in cash was seized from Chavez-Garcia when he was arrested. The state began forfeiture proceedings against this money. The district court found that if Chavez-Garcia's challenge to the forfeiture proceedings was successful, then he would likely be able to pay a $16,255 fine. This finding was not clearly erroneous. See Favorito, 5 F.3d at 1339. Moreover, as the district court instructed Chavez-Garcia, if the money is forfeited to Washington State, he may ask the district court to reduce the fine.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3