36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Mansford CAUBLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35448.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Mansford Cauble, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence.[1] Cauble entered a guilty plea and was convicted of racketeering offenses in violation of 18 U.S.C. Secs. 2, 1962. Cauble contends that: (1) the government breached the plea agreement by failing to give Cauble "the best deal"; (2) he did not knowingly enter his guilty plea because he was denied the effective assistance of counsel; and (3) the district court erred in requiring Cauble to pay restitution without determining whether he had the ability to pay. We have jurisdiction under 28 U.S.C. Sec. 2255. We review the legal issues de novo and the underlying factual findings for clear error, United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993), and affirm.
 
 
 3
 Cauble contends that the government breached the plea agreement when it failed to provide him with "the best deal" in accordance with an oral promise. This contention lacks merit.
 
 
 4
 Whether a plea agreement has been violated is a question of fact for the district court, which we review for clear error. Roberts, 5 F.3d at 370. Plea agreements are contractual in nature and are measured by contract law standards. United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. Id. Where a Sec. 2255 movant's allegations contradict previous statements made in court, the movant's credibility must be assessed. United States v. Shah, 878 F.2d 1156, 1158-59 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 5
 Here, Cauble argues that prior to the entry of his guilty plea, the government told him that the first person to come forth with information would "get the best deal." Cauble contends that he understood this alleged promise to mean that the first person to offer assistance would get the lowest sentence of all the codefendants. After an evidentiary hearing and considering all the evidence including Cauble's credibility, the district court found that Cauble failed to show that he was misled by the prosecutor.
 
 
 6
 The district court's finding is not clearly erroneous. The plea agreement itself does not contain any reference to "the best deal" promise. See United States v. Quan, 789 F.2d 711, 714 (9th Cir.) (no breach where government abided by express terms of plea agreement), cert. dismissed, 478 U.S. 1033 (1986). Furthermore, Cauble appeared three times in court after the alleged promise was made but he never referred to this "agreement" even when specifically questioned about the government's promises.[2] At the evidentiary hearing, the only evidence that Cauble provided to support his allegations was his own testimony contradicting his earlier statements. See Shah, 878 F.2d at 1158-59. Accordingly, the district court did not err in finding no breach of the plea agreement. See Roberts, 5 F.3d at 370.
 
 
 7
 Cauble contends that he was denied the effective assistance of counsel because his attorney failed to advise him that he would be ineligible for parole. This contention lacks merit.
 
 
 8
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Second, the defendant must show that counsel's deficient performance prejudiced the defendant. Id. at 694. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 9
 The two-part test of Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990) (holding that defendant failed to show he would have insisted on going to trial because defendant neither denied his acts nor suggested pleading not guilty).
 
 
 10
 Here, we need not address the first prong of the Strickland test because Cauble has failed to show prejudice. Cauble never alleged that, but for his attorney's error, he would have insisted on going to trial. See Hill, 474 U.S. at 59. Moreover, Cauble has not demonstrated that the sentence he received was fundamentally unfair. See Fretwell, 113 S.Ct. at 844. If Cauble had insisted on going to trial, he would have been exposed to far greater penalties. Accordingly, Cauble has not shown that he was prejudiced by his attorney's alleged ineffectiveness in failing to advise him of his ineligibility for parole. See Hill, 474 U.S. at 59; Strickland, 466 U.S. at 687-88.
 
 
 11
 Cauble contends that the district court erred by ordering him to pay restitution without considering his ability to pay the amount. This contention lacks merit because the court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. See 18 U.S.C. Sec. 3663(a)(3); United States v. Soderling, 970 F.2d 529, 534 (9th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 2446 (1993). Here, Cauble entered a plea agreement on December 12, 1990, in which he agreed to pay restitution in the amount of $12,049,704.00. At sentencing, with Cauble's agreement the district court reduced the amount of restitution to $6,097,355.79. Accordingly, the district court did not err by imposing restitution since Cauble agreed to pay restitution in the plea agreement. See 18 U.S.C. Sec. 3663(a)(3); Soderling, 970 F.2d at 534.[3]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, Cauble's motion for expedited consideration of this appeal is denied as moot
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cauble was represented by counsel at the time his opening brief was filed. Subsequently, his attorney filed a motion to withdraw, which was granted. Cauble is now proceeding pro se. While his former attorney's motion was pending, Cauble attempted to file a pro se reply brief. Copies of this brief were returned to Cauble because he was represented by counsel and the brief was oversize. Cauble has now filed a motion to file an oversize reply brief. Cauble's motion is granted and the panel will consider Cauble's reply brief, received by this court on June 6, 1994
 
 
 [2]
 When Cauble entered his guilty plea, he told the court that he had read the plea agreement and discussed it with his attorney. After reviewing the terms of the agreement with Cauble in open court, the court asked Cauble whether the government had promised Cauble anything else in exchange for his plea. Cauble answered, "No, Your Honor."
 
 
 [3]
 Moreover, Cauble had the burden of demonstrating his inability to pay and he did not do so. See United States v. Favorito, 5 F.3d 1338, 1339 (9th Cir.1993), cert. denied, 114 S.Ct. 1374 (1994). Furthermore, if Cauble makes a good faith effort at payment but is unable to pay the full amount by the conclusion of his sentence, he may petition the court for an extension of time or for a remittur. See United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992)