56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sharif Kader HAMDAN, Defendant-Appellant.
 No. 94-10389.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sharif Kader Hamdan appeals the six-month sentence and fines imposed following his guilty plea to unauthorized acquisition of food stamps, in violation of 7 U.S.C. Sec. 2024(b), and redeeming illegally received food stamps, in violation of 7 U.S.C. Sec. 2024(c). Hamdan contends that the district court erred by imposing a $10,000 fine and a fine representing the costs of imprisonment and supervised release. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 First, Hamdan is mistaken that the district court upwardly departed in fixing the amount of the fines. With an adjusted offense level of 8, the fine range was $1,000 to $10,000. U.S.S.G. Sec. 5E1.2(c)(3). Moreover, the district court was required to impose an additional fine consisting of the costs of imprisonment and supervised release. U.S.S.G. Sec. 5E1.2(i).
 
 
 4
 Hamdan next argues that he is unable to afford the fines. The defendant bears the burden of proving inability to pay a fine. United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir. 1994); see also U.S.S.G. Sec. 5E1.2(a). We review the district court's determination that the defendant has the ability to pay for clear error. United States v. Favorito, 5 F.3d 1338, 1339 (9th Cir. 1993), cert. denied, 114 S. Ct. 1374 (1994).
 
 
 5
 Hamdan's net worth at the time of sentencing was in excess of $130,000, and his income exceeded his expenses. Hamdan made no showing that he was unable to afford the fines, either at the time of sentencing or in the future. He claims that the district court did not consider the "extreme stress" caused by Hamdan's difficulty in paying the fines and hiring appellate counsel, but he did not present this argument to the district court. Accordingly, the district court did not err by imposing the fines. See Haggard, 41 F.3d at 1329; Favorito, 5 F.3d at 1339.
 
 
 6
 Hamdan also asserts on appeal that the imposition of the fines impaired his ability to obtain appellate counsel. This court, in response to Hamdan's request to represent himself pro se on appeal, remanded to the district court so that the district court could question Hamdan concerning his request. The district court engaged Hamdan in an extensive colloquy, informing him of the disadvantages of representing himself and the right to counsel at the government's expense if Hamdan was indigent. We find no merit to Hamdan's argument because he knowingly and intelligently waived his right to counsel. See United States v. Feldman, 830 F.2d 134, 135 (9th Cir. 1987) (finding from review of record that appellant knowingly and intelligently waived right to counsel).
 
 
 7
 Finally, Hamdan presents two arguments for the first time in his reply brief.[1] We decline to address the statutory and constitutional challenge to U.S.S.G. Sec. 5E1.2(i) because the claim was not specifically and distinctly raised and argued in the opening brief. See United States v. Montoya, 45 F.3d 1286, 1300 (9th Cir. 1995). Regarding Hamdan's claim that the district court should have granted a two-level downward adjustment for accepting responsibility, we find no clear error. See U.S.S.G. Sec. 3E1.1; United States v. Lindholm, 24 F.3d 1078, 1087 (9th Cir. 1994) (district court's determination of acceptance of responsibility entitled to great deference, and reviewed for clear error); United States v. Johnson, 953 F.2d 1167, 1172-73 (9th Cir.) (no clear error where district court found defendant's statement perfunctory and unconvincing"), cert. denied, 113 S. Ct. 226 (1992); United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir. 1991) (district court's refusal to grant acceptance of responsibility points supported by defendant's "minimalist description" of involvement); United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir. 1990) (denial of acceptance of responsibility founded on defendant's attempt to minimize involvement to probation officer).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We grant Hamdan's untimely motion to file a late reply brief. The reply brief, received on April 17, 1995, is ordered filed