89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise BROWN-KIMBLE, etc., Defendant-Appellant.
 No. 95-10243.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 16, 1996.
Decided June 27, 1996.
 
 1
 Before: PREGERSON and TROTT, Circuit Judges, and EZRA, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Denise Brown-Kimbel was convicted by jury of theft of mail (food stamps) by a postal employee in violation of 18 U.S.C.A. § 1709 (West Supp.1996). Defendant asserts two challenges in this appeal: First, she argues that the district court committed reversible error by allowing into evidence prior thefts of food stamps that occurred at the post office where she was employed as a postal supervisor. Second, Defendant argues that the district court failed to make a specific finding at her sentencing that she had the ability to pay a fine, and urges this court to remand for resentencing.[3]
 
 I.
 
 4
 We review a district court's evidentiary rulings during trial for abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995); United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir.1993). "That means, of course, that a district court's evidentiary rulings are always subject to appellate review, and that we have an obligation to assess carefully the trial court's adherence to legal principles. Where the ruling is clearly in error--where we have a definite and firm conviction of error--we must conclude that the district has court abused its discretion." Brooke, 4 F.3d at 1487. However, whether testimony constituted "other crimes" evidence under Fed.R.Evid. 404(b) is a question of law reviewed de novo. United States v. Andaverde, 64 F.3d 1305, 1314 (9th Cir.1995) (citing United States v. Soliman, 813 F.2d 277, 278 (9th Cir.1987)), cert. denied, --- U.S. ----, 116 S.Ct. 1055 (1996).
 
 
 5
 Defendant argues that the district court should not have allowed the introduction of evidence of certain food stamp thefts that occurred in July 1994 for three reasons. First, Defendant claims that the evidence was irrelevant to whether she had the intent to embezzle the food stamp letters on August 3, 1994. Second, if relevant, the evidence did not constitute admissible prior bad acts evidence under Fed.R.Evid. 404(b).[4] Third, Defendant asserts that even if admissible under Rule 404(b), the evidence of July losses should have been excluded under Fed.R.Evid. 403.[5] Defendant contends that the district court's error was so prejudicial as to affect the outcome of her trial and that a reversal of her conviction is warranted.
 
 
 6
 We must determine whether the court abused its discretion (1) by permitting the Government to make limited references to "theft" of food stamps or "losses" in July, the month before Defendant was apprehended for theft of food stamps, or (2) by allowing the Government to introduce evidence that Richard Costello, a subordinate of Defendant, did not work on the specific dates in July when the losses occurred. We conclude that the district court did not abuse its discretion in making these rulings.
 
 
 7
 A. Reference to July "Losses"
 
 
 8
 The district court permitted the Government to refer to a single instance of theft in July for the limited purpose of explaining why an investigation was being conducted on the day that Defendant was apprehended. The court, however, expressly rejected the Government's attempt to introduce the July losses as "prior bad acts" evidence under Fed.R.Evid. 404(b).
 
 
 9
 Defendant relies on two cases, United States v. Lamberty, 778 F.2d 59, 60 (1st Cir.1985), and United States v. Taylor, 900 F.2d 779, 781 (4th Cir.1990), to support her argument that no evidence of missing food stamps in July should have been admitted. However, both Lamberty and Taylor are distinguishable from the instant case. Here, the Government argued to the district court that the simple fact that food stamps were reported missing in July 1994 was relevant to setting the scene for the jury. The Government claimed that the Postal Inspector who observed the alleged theft by Defendant, Inspector Ron Nordyke, was planning to testify as to why he was "fixated" on bins in which the food stamps would be placed, as opposed to merely observing the postal employees' general conduct throughout the office. That is, the Government argued that evidence of the July food stamp losses would assist the jury in understanding why Nordyke was present in the post office, and thus, affect his credibility. Unlike the circumstances in the cases cited by Defendant, the Government did not present evidence to the jury connecting the July thefts to Defendant's August offense in any way. Rather, evidence of July food stamp losses was " 'inextricably intertwined' with the case and provided the necessary context of the charge for the jury." United States v. Andaverde, 64 F.3d 1305, 1314-15 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1055 (1996). The district court's allowance of such limited references did not amount to an abuse of discretion.
 
 
 10
 B. Costello's July Work Schedule and Dates of Losses
 
 
 11
 Defendant next argues that the district court erred by permitting the Government to introduce evidence of Richard Costello's July work schedule in order to counter the defense's theory that Costello was responsible for food stamp losses occurring in the post office. The Government maintains that error, if any, was invited by the Defendant. See United States v. Hegwood, 977 F.2d 492, 496 (9th Cir.1992) ("[W]hen the defendant 'opens the door' to testimony by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue."), cert. denied, 508 U.S. 913 (1993); United States v. Segal, 852 F.2d 1152, 1155 (9th Cir.1988) ("invited error" doctrine entitles the government to pursue inquiry into matter if evidence thereon was first introduced by the defendant). Although technically, evidence of "theft" or "losses" in July was first introduced by the Government in its case-in-chief, it was Defendant who suggested to the jury that Costello was engaged in an ongoing scheme in which he "framed" other supervisory employees, including Defendant. By allowing specific references to Costello's work schedule and dates of July losses, the district court provided the Government an opportunity to rebut the inference. Cf. United States v. Rosse, 418 F.2d 38, 41 (2d Cir.1969) (challenged testimony of previous postal thefts had developed an "independent vitality" and was properly admitted to rebut defense theory that defendant "framed" by postal inspector), cert. denied, 397 U.S. 998 (1970). The Government's rebuttal evidence concerning the frame-up defense was therefore proper.
 
 
 12
 Moreover, a careful review of the transcript reveals that the district court was mindful of protecting Defendant against undue prejudice, and attempted to do so by precluding evidence of her July work schedule under Rule 404(b). However, Defendant herself introduced evidence of her July work schedule as support for her theory that someone else, namely Costello, was responsible for all food stamp losses. But for Defendant's theory that she was framed, references to specific dates of July losses or Costello's work schedule would likely not have been allowed in by the district court.
 
 
 13
 Significantly, Defendant failed to request a limiting instruction from the district court to minimize the potential prejudice resulting from the introduction of evidence of the July thefts, so that any error from failure to give the instruction is waived. Brocklesby v. United States, 767 F.2d 1288, 1293 (9th Cir.1985), cert. denied, 474 U.S. 1101 (1986); see also United States v. Brown, 562 F.2d 1144, 1148 (9th Cir.1977) (failure to give limiting instruction not reversible error).[6]
 
 
 14
 The court did not abuse its discretion in permitting the introduction of Richard Costello's July work schedule and the specific dates of July food stamp losses.
 
 II.
 
 15
 A district court's determination that a defendant has the ability to pay a fine is reviewed for clear error. United State v. Favorito, 5 F.3d 1338, 1339 (9th Cir.1993) (citing United States v. Nazifpour, 944 F.2d 472, 475 (9th Cir.1991)), cert. denied, --- U.S. ----, 114 S.Ct. 1374 (1994). Defendant argues that the district court failed to make any findings as to her ability to pay a fine under section 5E1.2 of the United States Sentencing Guidelines,[7] and that we should vacate her sentence and remand for resentencing.
 
 
 16
 Defendant carries the burden of proving she cannot pay a fine. United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990). In this regard, the sentencing court must determine if there is sufficient evidence on the record to support the imposition of a fine. United States v. Quan-Guerra, 929 F.2d 1425, 1426 (9th Cir.1991). However, the Guidelines set forth no requirement that the district court make express findings to demonstrate its consideration of the factors set forth in U.S.S.G. § 5E1.2(d).[8] See United States v. Segler, 37 F.3d 1131, 1135-36 (5th Cir.1994) (declining to create requirement for district court to make express findings in order to impose fine).
 
 
 17
 Here, the district court was presented with conflicting details regarding Defendant's financial status through the presentence investigation report,[9] the sentencing memoranda, and oral argument of both counsel. The Government argued that Defendant substantially misrepresented her financial interests to the probation officer before the presentence investigation report was issued. The Government also asserted that the imposition of a fine in Defendant's case would be appropriate as a deterrence factor, pointing out that victims were involved in the offense and that Defendant was in a position of authority as a supervisor at the post office. Defendant maintained that she lacked the ability to pay a fine.
 
 
 18
 The court stated that it had thoroughly reviewed the parties' submissions and read every case cited, and had referred to the sentencing memoranda to make sure that it understood the disputed issues. The court further stated:
 
 
 19
 Now, I'm turning to the fine question. The defendant has the burden of showing an ability to pay a fine. Under Section 5E1.2 of the guidelines, the Court shall impose a fine in all cases except where the defendant establishes that she is unable to pay and is is [sic] not likely to become able to pay a fine. I have looked at the factors in 5E1.2 and read that case law submitted by the parties on the fine question. Because of the deterrent factor, among others, I think I should impose a fine, but in a manner that would provide the probation department with maximum discretion as to how it should be collected.
 
 
 20
 E.R. 120:3-13. The court then imposed a fine of $3,000 as part of Defendant's sentence.
 
 
 21
 Implicit in the court's foregoing statements is a determination that Defendant had failed to carry her burden of establishing her inability to pay a fine. The absence of such an express finding does not warrant a vacation of Defendant's sentence.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 The district court sentenced Defendant to four months imprisonment and a three-year term of supervised release, and ordered her to pay a $3,000 fine and a $50 special assessment
 
 
 [4]
 To admit evidence for one of the permissible purposes under Rule 404(b): (1) there must be sufficient proof for the jury to find that the defendant committed the prior act; (2) the prior act must not be too remote in time; (3) if used to prove intent, the prior offense must be similar to the charged offense; (4) the prior act must be introduced to prove a material issue; and (5) the probative value must outweigh any prejudice. United States v. Sneezer, 983 F.2d 920, 924 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 113 (1993) (citing United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989), cert. denied, 494 U.S. 1083 (1990))
 
 
 [5]
 Fed.R.Evid. 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 [6]
 Although we have held that once evidence of other crimes has been admitted under Rule 404(b), "it is important that the trial judge caution the jury regarding the reasons it was admitted[,]" United States v. Bradshaw, 690 F.2d 704, 709 (9th Cir.1982), cert. denied, 463 U.S. 1210 (1983), here, evidence of specific July losses and Costello's work schedule was not introduced as Rule 404(b) evidence. Moreover, the Bradshaw court stated, "If no limiting instruction is requested by the defendant ... the failure of the court to give an instruction will not necessarily result in reversible error." Id
 
 
 [7]
 Section 5E1.2(a) of the Guidelines states that a "court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."
 
 
 [8]
 Section 5E1.2 of the Guidelines sets forth seven factors to be considered in determining whether a fine should be imposed:
 (1) the need for the combined sentence to reflect the seriousness of the offense ..., to promote respect for the law, to provide just punishment and to afford adequate deterrence;
 (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
 (3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;
 (4) any restitution or reparation that the defendant has made or is obligated to make;
 (5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;
 (6) whether the defendant previously has been fined for a similar offense; and
 (7) any other pertinent equitable considerations.
 
 
 [9]
 The presentence investigation report stated that Defendant had a negative net worth and a negative disposable income of approximately $2,000 a month. It concluded that based upon Defendant's financial situation, it did not appear that she had the ability to pay a fine, and if she were able to secure employment in the near future, that she would need those earnings to pay off the debt that had accrued. The report therefore recommended against imposing a fine, but rather recommended that Defendant be required to perform 200 hours of voluntary community service work