**UNITED STATES of America,
Plaintiff, Appellee,**

v.

**Efrain LAMBERTY,
Defendant, Appellant.**

**No. 84–1709.**

United States Court of Appeals,
First Circuit.

Heard Sept. 10, 1985.

Decided Nov. 27, 1985.

Scott Kalisch, Santurce, P.R., on brief, for defendant, appellant.

Ricardo R. Pesquera, Asst. U.S. Atty., with whom Daniel F. López-Romo, U.S. Atty., Hato Rey, P.R., was on brief, for plaintiff, appellee.

Before BOWNES, TORRUELLA and WISDOM,* Circuit Judges.

TORRUELLA, Circuit Judge.

This case is before us on appeal by defendant Efrain Lamberty, former postmas-

* Of the Fifth Circuit Court of Appeals, sitting by    designation.

ter of the United States Post Office at Coto Laurel, Puerto Rico. He was convicted of opening a package addressed to a resident of Rio Grande, Puerto Rico, which had been "mistakenly" sent to Coto Laurel and which he should have redirected to the proper address, in violation of 18 U.S.C. § 1703(a).[1] The basis of this appeal is Lamberty's contention that the court erred in admitting prejudicial evidence of alleged prior bad acts.[2]

The pertinent facts of the case are as follows:

On March 27, 1984, postal inspectors placed a test package at the Coto Laurel Post Office addressed to one Carmen Allayo, resident of Rio Grande. The package contained a red telephone with an electronic beeper which would alert inspectors outside the building as to when the package was opened. It would also allow them to track the whereabouts of the telephone if it were removed from the premises. The inspectors planted this package in the Coto Laurel Post Office because they had received information that Lamberty was embezzling packages which had been erroneously sent to his post office.

Shortly before 7:00 AM on the morning in question, Lamberty opened the test package and placed the telephone on his desk. The inspectors, alerted to the fact that the package had been opened, monitored the signals from their car. Just before 5:00 PM they observed the appellant approaching them in his car. The electronic signal indicated that the telephone was in the car, so they followed it to Lamberty's home. After determining that the phone was still in the vehicle, the inspectors knocked on the door and asked to speak with the appellant. They advised him of his Miranda rights and received a signed waiver of those rights, as well as an authorization to search the vehicle. Lamberty himself took out the red telephone from where it was placed behind the spare tire in the trunk. The two inspectors then accompanied the appellant to the post office, where they recovered the parcel wrappings from a trash can.

At the start of trial, counsel for the defense filed a motion *in limine* requesting an order to prohibit any reference by Government witnesses to the theft of packages from the post office *prior* to the incident giving rise to this indictment. The court denied the motion, promising to give appropriate cautionary instructions where necessary.

It was Lamberty's contention that he opened the package and took the telephone home because he believed it to be one which he had ordered some months before. He testified that he could not read the package label well because he did not have his eyeglasses with him on the day of the incident. The telephone that he ordered did in fact arrive several days after the incident took place for which he was charged.

During the testimony of postal inspector Dale H. Tanner, the prosecutor asked, "For what reason, if any, did you put on the package this name and this address," referring to the Rio Grande resident. Tanner responded, "The information we had received was that Mr. Lamberty was taking out packages which had been missent to the Coto Laurel Post Office." It is the admission of this evidence which the appellant contests, alleging that it was evidence of prior bad acts which should have been excluded under Rule of Evidence 404(b) and Rule 403, because its value was more unfairly prejudicial than probative.

■ The essential prerequisite of admissibility is relevance. Fed.R.Evid. 402. Therefore, before beginning any analysis of admissibility, we must first look at the general relevancy of the testimony. The governing hypothesis of any criminal prosecution, for the purpose of determining relevancy of evidence introduced, consists of

---

**1.** Lamberty was acquitted on an additional count under 18 U.S.C. § 1709 charging him with embezzlement of the contents of the package.

**2.** Appellant originally raised a second issue on appeal. This issue was withdrawn in a motion filed after oral arguments.

elements of the offense charged and any relevant defenses raised to defeat criminal liability. *United States v. Hall,* 653 F.2d 1002, 1005 (5th Cir.1981). Evidence is relevant if it has any tendency to make the existance of any fact consequential to the determination of the action more or less probable. Fed.R.Evid. 401. *Goff v. Continental Oil Co.,* 678 F.2d 593, 596 (5th Cir.1982).

■ A perusal of the section[3] allegedly violated indicates that the elements to be proven in this case include: a) that the defendant is a postal service employee; b) that he opened the package and/or embezzled its contents while in the course of his employment; c) that the package was intended to be conveyed by the postal service and, d) criminal intent. We do not find that the evidence introduced to show the government's motive in setting the trap is in any way relevant to proving the elements of the counts charged. While the jurors may have been curious as to why the inspectors began their operation, enlightenment on this matter had no probative value.

To compound the problem of its total irrelevancy, the testimony directly linking Lamberty to the prior thefts was highly prejudicial. The facts reveal that there were four persons employed in the post office. In the jurors' minds any one of them could have been suspected, had not Lamberty been specifically identified. It is regrettable that defense counsel failed to pursue his motion further by requesting, at minimum, a prohibition on associating his client specifically with the prior acts. It is equally unfortunate that the court did not set this limitation *sua sponte.*

Our review of the admissibility of this matter is limited to determining, based upon our examination of the record as a whole, whether the district court abused its discretion. *United States v. Jarabek,* 724 F.2d 889, 903 (1st Cir.1984). Admission of this irrelevant and highly prejudicial testimony, standing alone, was error.

As soon as the testimony at issue was given, the trial judge gave the jury the following cautionary instruction:

"Let me give the ladies and gentlemen of the jury an instruction at this time. The reason why the information is provided, and that's the reason why I denied the objection, it's not hearsay because it's not being presented to prove that, in fact, Mr. Lamberty was stealing the packages. It's intention to show to the jury why was it that the postal inspectors started investigating and why was it that they prepared the package. That's the reason why I told you that I'm the judge of the law and you're the judge of the fact.

This is a very legal, complicated matter, but I have to instruct you first of all that from that testimony you cannot conclude beyond a reasonable doubt that Mr. Lamberty committed the acts charged in counts one and two of the indictment. This evidence is being allowed so you know why the reason the investigation

3. 18 U.S.C. § 1703. Delay or destruction of mail or newspapers

(a) Whoever, being a Postal Service officer or employee, unlawfully secretes, destroys, detains, delays, or opens any letter, postal card, package, bag, or mail entrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by the carrier or other employee of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or the Postal Service, shall be fined not more than $500 or imprisoned not more than five years, or both.

18 U.S.C. § 1709. Theft of mail matter by officer or employee

Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

was started. It is up to the government to prove later on, or by other evidence besides those statements or that information that the postal inspectors have that Mr. Lamberty did, in fact, open the package and did, in fact take the contents knowing that they did not belong to him.

The instruction is equivocal and does not clearly demand of the jury that they disregard irrelevant and prejudicial evidence.

Notwithstanding these errors, the government urges affirmance, claiming that, in the light of the record as a whole, they are harmless beyond a reasonable doubt. It claims that there is overwhelming evidence against appellant, principally in the form of damaging admissions that would have led to his conviction irrespective of the challenged evidence.

In support of its position, the government cites the following items from the record. The inspectors testified that when Lamberty took the telephone out of the trunk, he initially said, "I bought this." When Tanner told Lamberty that he wanted the truth, Lamberty allegedly said, "Yes, I did take the telephone." While driving to the post-office the appellant stated that he had taken the phone because it looked pretty and he had taken it home to try out because when he hooked it up in the post office it did not seem to work properly. He also stated that he had ruined his life for a "porqueria."[4]

■ These "admissions" do not leave us with an impression of overwhelming guilt. They are, considering all the circumstances in which they were made, equivocal. They could easily be the lamentations of an elderly employee, ready to retire, realizing that because of a single careless error, he has ruined a good reputation built over a lifetime's work. In general Lamberty's statements do not necessarily leave us with an impression of criminal intent. Additionally, the box in which the red telephone was sent shows a picture of a *white* telephone, which is partially covered by the mailing label. While the record does not

show what the phone ordered by Lamberty and subsequently received looked like, there is the possibility that the picture resembled the phone he had purchased. It certainly did not resemble what was actually contained in the package. The motion *in limine* certainly placed the government on notice of a potential trouble area. Choosing not to avoid it, the prosecution gambled on the strength of its other evidence. Not finding that evidence overwhelmingly convincing, we must find that admission of the challenged testimony to be reversible error. When faced in a criminal case with a clearly prejudicial error, unless it is certain that the error is harmless beyond a reasonable doubt, a court should not be forced to gamble with a defendant's liberty. Such a doubt should be resolved in defendant's favor.

*Reversed.*

---

**4.** This refers to a little piece of junk in Spanish.