**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Henry TAYLOR, Defendant–Appellant.**

No. 89–5158.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 12, 1990.

Decided April 10, 1990.

Hunt Lee Charach, Asst. Federal Public Defender (argued), Ira R. Kirkendoll, Federal Public Defender, on brief, Charleston, W. Va., for appellant.

Sanford Benjamin Bryant, Asst. U.S. Atty. (argued), Michael W. Carey, U.S. Atty., on brief, Huntington, W. Va., for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HOFFMAN, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Henry Taylor was convicted of possessing dilaudid[1] with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Taylor appeals, arguing that the government improperly bolstered the credibility of its paid informant with inadmissible extrinsic evidence and improper jury argument; that the district court erred in permitting the government to produce evidence that Taylor was targeted for investigation because of anonymous complaints that Taylor was a dilaudid dealer; and that the district court erred in denying Taylor's motion for a directed verdict because of insufficient evidence identifying the defendant in the courtroom as the perpetrator of the crime. We are of opinion that there was improper bolstering and that the district court erred in admitting evidence as to why Taylor was targeted. We vacate and remand for a new trial.

In early May 1988, Donald Black, a member of the Huntington, West Virginia Police Department, began using Tony Phillips as a paid informant. Phillips, on July 18, 1988, informed Black that he had set up a dilaudid purchase from Henry Taylor. Later that day, Black met Phillips, placed a transmitter on him, gave him $1,650 to buy the dilaudid, drove him to downtown Huntington, and permitted him to leave the vehicle unescorted. Phillips then walked away, out of Black's sight, to a place approximately two blocks away from Black. Some thirty minutes later, Phillips returned to Black's car with 29[2] dilaudid tablets.

At trial, the government introduced the tape which turned out to be about eight minutes long and was largely inaudible. Phillips had control of the transmitter which had an on/off switch.[3]

The government also relied on the testimony of Officer Black. Officer Black testified that he did not see Taylor. Neither did he see the drug transaction take place. On direct examination, Black told how he had met Phillips and how Phillips had acted as a buyer for the government on 15 to 18 drug buys. On cross examination, Black first testified that he was not aware of Phillips using drugs at any time while he acted as an informant; later, however, defense counsel was able to get Black to admit that he knew that during the time that Phillips was an informant that Phillips used some of the money he was paid for being an informant to buy himself illegal drugs. On cross examination, defense counsel also asked Black whether he had suggested Taylor's name to Phillips. On redirect examination, over objection, Black testified that Phillips had given reliable information in a particular case which resulted in the seller's conviction. Black further testified that several others either pleaded guilty or were convicted as a result

---

1. Dilaudid is a trademark of a brand of dihydromorphinone hydrochloride which is prepared from morphine yet stronger and used to control pain. *Schmidt's Attorney's Dictionary of Medicine*, 1986.

2. According to the earlier arrangements, Phillips was to purchase 30 tablets of dilaudid for $1,650.

3. Black testified that it would have been difficult for Phillips to turn the transmitter off because it was on his back and the switch was taped on. It is unclear and not explained as to why the tape was so much shorter than the time Phillips was away from Black.

of Phillips' testimony. Continuing on redirect, over objection, the government asked Black why he had targeted Taylor. In answering, Black testified that Taylor's name had come up in anonymous complaints as a dilaudid dealer.

Phillips also testified for the government. He testified that he purchased the dilaudid from Taylor. Phillips' testimony was the only direct testimony of Taylor's guilt.

During closing argument, the government emphasized Black's testimony to bolster Phillips' credibility, that Phillips had provided reliable information and testimony in the past that had led to convictions. Government counsel also stated that "Tony Phillips is not lying in this business." The jury returned a verdict of guilty and Taylor appeals.

■ Taylor's first argument on appeal is that the government improperly bolstered the credibility of Phillips with extrinsic evidence and improper jury argument. Taylor argues that there were three improper actions by government counsel in bolstering Phillips' credibility. First, he argues that it was error for the district court to admit extrinsic evidence that the informer, Phillips, had provided reliable information and testimony that resulted in several convictions, in order to bolster Phillips' credibility. We agree. Fed.R.Evid. 608(b) says that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility ... may not be proved by extrinsic evidence." The case of United States v. Austin, 786 F.2d 986, 991–92 (10th Cir.1986), is on point. In Austin, the court rejected the government's argument that it should be able to introduce the criminal conviction of the defendant's co-conspirators in order to rehabilitate the government's principal witness. The court said that under the pertinent case law and rules "it is the testifying witness' own prior conviction that is admissible on cross-examination to impeach his credibility or on redirect to rehabilitate him.... We have found no case, and the government has not cited one, in which a conviction other than that of the witness himself was properly admitted on the issue of his credibility." Austin, 786 F.2d at 992 (citation deleted) (emphasis in original). Another case on similar facts is United States v. Napue, 834 F.2d 1311, 1324–25 (7th Cir.1987), where the court decided that the government's attempt to bolster the credibility of government witnesses by saying their previous testimony resulted in convictions of other defendants was improper. We agree with the Tenth and Seventh Circuits and hold that the admission of other convictions in cases in which Phillips had testified was error.

■ The second action that Taylor argues was improper was the government's use of the convictions in closing argument.[4] Having found that it was improper for the district court to have allowed the government to introduce the evidence of the other convictions in the first place, we believe that it only made the error more prejudicial when the government emphasized it in closing argument. We also do not agree with the gist of the government's argument, that since other juries believed Phillips, the current jury should believe him also. This argument is improper because the current jury is to determine the witness' credibility. It may not rely on assumed findings of previous juries in different cases.[5]

4. The government, in relevant part, said the following about Phillips' credibility:
   Whatever you think of the man, he stuck his neck out and made controlled buys from at least 15 different drug dealers, and that information has consistently proven reliable. And you heard testimony about the Fox case and whatever Tony had done or not done in that case. Not that that has anything to do with this defendant, the point is did Tony Phillips lie about this Fox business? No, he did not because Mr. Fox was convicted, as you heard from the evidence. Now, that has nothing to do with Henry Taylor. What it has to do with is a rebuttal to Ira Kirkendoll's suggestion that Tony Phillips is unreliable. Tony Phillips is not lying in this business.

5. There is no way to know, for example, whether the previous juries believed Phillips, or disbelieved Phillips, but nevertheless convicted the defendants on other evidence.

■ The third action by government counsel to bolster Phillips' credibility, which Taylor argues was improper, was that the government counsel personally vouched for Phillips' credibility. In closing, as set out herein in n. 4, government counsel said "Tony Phillips is not lying in this business." While the direct expression of an advocate's opinion as to the veracity of a witness is prohibited, *United States v. Moore*, 710 F.2d 157, 159 (4th Cir.), *cert. denied*, 464 U.S. 862, 104 S.Ct. 192, 78 L.Ed.2d 169 (1983), even if the statement in issue in the context in which it was made is a direct expression of the attorney's opinion on credibility, which is doubtful, there was no contemporaneous motion for a mistrial, so we do not consider the question on appeal.

■ Next, Taylor argues that it was improper for the district court to permit Black to testify that he targeted Taylor because of anonymous complaints that Taylor was a dilaudid dealer. The First Circuit, in *United States v. Lamberty*, 778 F.2d 59, 61 (1st Cir.1985), faced the same issue on almost the same facts [6] as here and held:

> We do not find that the evidence introduced to show the government's motive in setting the trap is in any way relevant to proving the elements of the counts charged. While the jurors may have been curious as to why the inspectors began their operation, enlightenment on this matter had no probative value.
>
> To compound the problem of its total irrelevancy, the testimony directly linking Lamberty to the prior thefts was highly prejudicial.

We agree with the First Circuit and hold that the reason Taylor was targeted was not relevant to Taylor's guilt. To be admissible, evidence must be relevant. Fed. R.Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Why Black caused Taylor to be investigated does not make it more or less probable that Taylor sold drugs to Phillips. Additionally, the fact that Black received anonymous complaints that Taylor was a dilaudid dealer was highly prejudicial.[7]

■ Taylor's final argument is that the district court erred in denying Taylor a directed verdict based on the insufficiency of the identification evidence since the government presented no evidence which identified the defendant in the courtroom as the perpetrator of the offense. A witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime. *Delegal v. United States*, 329 F.2d 494 (5th Cir.1964); see *United States v. Darrell*, 629 F.2d 1089, 1091 (5th Cir.1980). A review of the record discloses that there was ample evidence for the jury to infer that the Henry Taylor at the defense table was the same Henry Taylor who committed the crime. Phillips testified extensively about his earlier contacts with Taylor and about purchasing the drugs from Taylor. The jury could reasonably infer that the Henry Taylor that Phillips knew and purchased drugs from was the Henry Taylor who stood trial.

■ Having determined that the district court erred both in allowing the improper bolstering of Phillips' credibility and allowing into evidence the reasons as to why Black targeted Taylor, we must now decide if the error resulted in sufficient prejudice to require a new trial. The government relies heavily on the tape as corroboration of Phillips' testimony. However, having reviewed the tape, we do not view it as very probative of the events which took place at the controlled buy. Many parts of the tape are largely inaudible and the difference between the eight-minute tape and Phillips' 30–minute absence remains unexplained. Since Officer Black saw none of

---

6. The government baited a trap for a thieving postmaster because "[t]he information we had received was that ... [the postmaster] was taking out packages...."

7. Finding no relevance in the evidence at all, we do not consider whether the evidence, though relevant, should have been excluded under Fed. R.Evid. 403.

the transaction, Phillips was the key to any case the government had against Taylor. Whether the jury found Taylor guilty or innocent depended almost exclusively on whether it believed Phillips. Especially since Phillips was the key witness, improper bolstering of his credibility could only have been quite prejudicial to Taylor. Additionally, the irrelevant evidence admitted as to why Black targeted Taylor added to the prejudice. On the whole case, we are unable to say that "the conviction is sure that the error did not influence the jury, or had but very slight effect"; neither can we say "with fair assurance ... that the judgment was not substantially swayed by the error." *Kotteakos v. United States*, 328 U.S. 750, 764, 765, 66 S.Ct. 1239, 1248, 1248, 90 L.Ed. 1557 (1946).

The conviction must be vacated and the case remanded for a new trial.

VACATED AND REMANDED FOR A NEW TRIAL.