**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 94-6710

LARRY V. FOX,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-88-245-3)

Argued: January 31, 1996

Decided: June 28, 1996

Before HALL and MURNAGHAN, Circuit Judges, and STAMP,
Chief United States District Judge for the Northern District
of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion. Judge Murnaghan
wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Michelle Jeanette Anderson, Appellate Litigation Clinical
Program, GEORGETOWN UNIVERSITY LAW CENTER, Wash-
ington, D.C., for Appellant. Michael O. Callaghan, Assistant United
States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Steven H. Goldblatt, Director, Craig W. Canetti, Student

Counsel, Jeffrey J. Lopez, Student Counsel, Appellate Litigation Clinical Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry V. Fox ("Fox") appeals from the district court order denying his 28 U.S.C. § 2255 motion. Fox sought relief from his sentence based on an allegation of ineffective assistance of counsel. For the reasons set forth below, we affirm.

On March 28, 1989, following a jury trial, Fox was found guilty of four counts relating to the distribution of cocaine. Fox filed a timely direct appeal. On February 15, 1990, this Court affirmed the judgment of the district court. United States v. Fox, No. 89-5174 (4th Cir. Feb. 13, 1990) (unpublished). On June 30, 1992, Fox filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence. In his § 2255 motion, Fox contends that (1) he received ineffective assistance of counsel at trial because his attorney failed to adequately prepare his defense, inadequately cross-examined government witnesses and failed to object to the admission of certain"altered" evidence, (2) at trial, the government engaged in improper prosecutorial bolstering, and (3) he was not given notice pursuant to 21 U.S.C. § 851(a)(1) of the government's motion to enhance his sentence under the career offender portion of the Sentencing Guidelines.

The district court found that Fox's contentions were without merit and denied the requested relief. On appeal, Fox now contends that (1) he was denied effective assistance of counsel on direct appeal because his counsel failed to raise a meritorious claim of improper prosecu-

2

torial bolstering and (2) he was denied effective assistance of counsel at both trial and upon appeal because his counsel failed to challenge at either stage of the proceedings the district court's curtailment of counsel's cross-examination of the government's key witness.

I

At Fox's trial, the government presented the testimony of a paid informant, Tony Phillips. Phillips testified that, following the instructions of Huntington Police Officer Donald Black, he had made arrangements to purchase cocaine from Fox. The purchase was scheduled for the night of June 20, 1988. Prior to the purchase, Officer Black fitted Phillips with a transmitter and provided Phillips with $650.00 to purchase cocaine. During the transaction, Officer Black recorded the conversations between Phillips and Fox.

Phillips had arranged to purchase a quarter ounce of cocaine from Fox. However, when the transaction occurred, Fox was only able to obtain 3/16ths of an ounce of cocaine. Arrangements were made for an associate of Fox to deliver the additional 1/16th of an ounce of cocaine to Phillips at a later time. This transaction occurred approximately one hour later. Fox was not present at this time.

A second controlled buy occurred on July 15, 1988. At that time, Phillips had arranged to purchase one ounce of cocaine from Fox. Again, Phillips was fitted with a transmitter and Officer Black provided him with money to purchase the cocaine. Again, Fox did not have the amount of cocaine agreed upon when he met with Phillips. At that time, Phillips obtained one-half of an ounce of cocaine which was contained in eight small bags. This transaction was also recorded and monitored by Officer Black.

At trial, Phillips testified as to the transactions with Fox. Phillips further admitted to being a drug addict and user at the time the transactions occurred. Phillips also described what physical actions were occurring at the time of his transactions with Fox while the jury listened to audiotape recordings of the transactions. On cross-examination, defense counsel challenged Phillips' credibility by questioning whether Phillips was affected by his drug use.

Officer Black testified at the trial about how the police targets individuals for investigation and how paid informants are used to purchase cocaine. On cross-examination, defense counsel questioned Black as to Phillips' reliability and credibility. Officer Black stated that he believed Phillips could be trusted to follow instructions and to accurately report about what occurred during a controlled buy. On re-direct, over objection, Black further testified that he believed Phillips was credible because Phillips had provided information which had resulted in other individuals being indicted and convicted.

Fox's trial counsel raised three issues on his direct appeal. First, Fox contended that the trial court erred when it admitted FBI agents testimony that it was Fox's voice on the audiotape of the controlled buys. Second, Fox contended that the government failed to establish the chain of custody of the cocaine which was admitted as an exhibit at trial. Finally, Fox contended that he was improperly convicted of multiple crimes arising out of a single drug transaction. This Court found no merit to any of Fox's claims and his conviction was affirmed. On June 30, 1992, Fox filed his motion for relief pursuant to 28 U.S.C. § 2255.

II

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two-prong test that a petitioner must satisfy to successfully assert an ineffective assistance of counsel claim: a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is"a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

A criminal defendant's right to effective assistance of counsel continues through a direct appeal. See Evitts v. Lucey, 469 U.S. 387 (1985). As noted Mayo v. Henderson, 13 F.3d 528 (2d Cir. 1994), ineffective assistance of appellate counsel may be shown if a peti-

4

tioner can "establish . . . that counsel omitted significant and obvious issues while pursing issues that were clearly and significantly weaker . . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id. at 533 (citations omitted). However, a criminal petitioner has not necessarily received ineffective assistance when his counsel fails to present every non-frivolous issue on appeal. An attorney may decline to appeal a non-frivolous issue if appealing a weak issue would have the effect of diluting stronger arguments on appeal. Jones v. Barnes, 463 U.S. 745, 752 (1983).

As noted above, Fox contends he received ineffective assistance of appellate counsel because his appellate counsel failed to raise a claim of prosecutorial bolstering on direct appeal. On April 10, 1990, less than one month after affirming Fox's conviction on direct appeal, this Court addressed prosecutorial bolstering in United States v. Taylor, 900 F.2d 779 (4th Cir. 1990). Taylor is especially relevant to this appeal because it also involved controlled drug purchases made by Tony Phillips and orchestrated by Officer Black.

During the trial in Taylor, evidence was presented that Phillips, again acting as a paid informant, arranged to purchase a controlled substance from Taylor. That transaction was to be recorded through a transmitter placed on Phillips. While the controlled buy took almost thirty minutes, the government was only able to produce eight minutes of audiotape, most of which was inaudible. In addition to Phillips, Officer Black testified about the controlled buy. Following Black's cross-examination, Black testified on redirect that Phillips had given reliable information in other cases which resulted in several guilty pleas. Additionally, Black testified that Taylor had been targeted as a result of several anonymous complaints. Finally, in closing argument, the prosecuting attorney emphasized Black's testimony as to Phillips' reliability.

Citing Fed. R. Evid. 608(b) which states that "[s]pecific instances of the conduct of a witness, for the purpose of . . . supporting the witness' credibility . . . may not be proved by extrinsic evidence[,]" this Court held that the trial court erred by admitting Black's testimony that Phillips had provided reliable information resulting in other convictions and by admitting testimony as to why Taylor was targeted for

5

the investigation. This Court further found that the error was prejudicial in light of the limited probative value of the audiotape of the transaction. This Court noted that whether the jury found Taylor guilty or innocent depended almost exclusively on whether it believed Phillips. As such, bolstering of that witness by Black and by the prosecutor during closing argument had more than a slight effect on the outcome of the trial.

III

Before addressing Strickland's two-prong test, this Court must first address whether the prosecution may have improperly bolstered the testimony of Tony Phillips. As in Taylor, the government bolstered Phillips' credibility through the testimony of Officer Black who stated that Phillips' testimony had led to other indictments and convictions. This Court finds that such testimony may have amounted to improper bolstering. At Fox's trial, the government elicited testimony from Officer Black to support the testimony of Phillips. Black's testimony that Phillips provided information leading to other convictions and indictments is the type of evidence prohibited by Fed. R. Evid. 608(b).

Having established that the trial court may have erred in admitting the testimony of Officer Black which bolstered Phillips' testimony, this Court must now address whether the failure of Fox's counsel to appeal that issue on the direct appeal amounts to ineffective assistance of counsel. Generally, failure to anticipate a new rule of law is not ineffective assistance of counsel. Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983) (holding that counsel's failure to anticipate the Supreme Court would find a state law in violation of the Fourteenth Amendment does not amount to ineffective assistance of counsel). However, this Court finds that this matter cannot be resolved under Honeycutt as this Court finds that Taylor did not establish new law for this circuit but rather merely applied Fed. R. Evid. 608(b) to the facts in that case. As such, this Court cannot say that Fox's counsel acted as a reasonable attorney simply because Taylor had not yet been decided. This Court must still address Fox's appellate counsel's actions under the Strickland test.

Initially, this Court notes that Fox's case is distinguishable from Taylor. First, the manner in which Officer Black's testimony concern-

6

ing the other arrests and indictments was introduced in this case is different than in Taylor. In Taylor, the bolstering testimony was introduced after the prosecuting attorney questioned Officer Black about why Taylor had been targeted for investigation. In this action, the testimony was introduced on redirect and only after Fox's own attorney questioned Black regarding Phillips' reliability.

This Court believes that based upon the facts of Fox's trial, Fox's attorney had the option of appealing several issues, including prosecutorial bolstering. Although Taylor cannot be seen as creating new law, it can, in hindsight, be viewed as a suggestion that prosecutorial bolstering was a viable issue for appeal for Fox. However, at the time of Fox's direct appeal, this Court had not decided Taylor. As such, Fox's counsel could have seen the prosecutorial bolstering argument as a potentially weak argument in light of the government's likely contention that it was merely rehabilitating its witness.

Also, as previously stated, failure of appellate counsel to address all non-frivolous issues which may be raised on appeal does not amount to ineffective assistance. See Jones, supra. While "the mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error[,] receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one . . . ." Id., 463 U.S. at 752 (quoting Jackson Advocacy Before the Supreme Court, 25 Temple Law Quarterly 115, 119 (1951)). Appellate counsel had several issues to which objection was raised at trial including the issue of bolstering. As stated in Mayo, ineffective assistance of appellate counsel may be shown only if the petitioner establishes that counsel omitted obvious and significant issues while pursuing clearly weaker issues. However, as Taylor had not yet been decided, and in light of the factual differences between Taylor and Fox's trial, a reasonable attorney could determine that the bolstering issue was not significantly stronger than the issues actually appealed. Accordingly, although certain factors point toward the conclusion that prosecutorial bolstering was a viable issue for appeal, we cannot conclude that counsel's conduct did not fall within the wide range of reasonable professional assistance. Thus, Fox has failed to establish the first prong of the Strickland test.

Second, assuming that Fox could have shown that his counsel's conduct fell below that of a reasonable attorney, this Court finds that

7

Fox has not shown that but for appellate counsel's errors the result of the appeal would have resulted in a different outcome. As noted above, the government's case in this action does not share the same infirmities raised by the defendant in the Taylor case. Unlike Taylor, the audiotape of Fox's transaction is complete. As such, the jury did not need to rely solely on the testimony of Tony Phillips to find Fox guilty. Further, in this action the government merely presented testimony as to how the police targeted suspects, but did not bolster Phillips' testimony by saying it had specifically targeted Fox. Finally, the government did not emphasize Officer Blacks testimony about Phillips' reliability in its closing argument. This Court finds that the dissimilarities between this case and Taylor are sufficient for us to conclude that even if Fox's counsel had appealed the bolstering issue, there is no guarantee that this Court would have decided this case the same as we decided Taylor. As such, Fox has not shown that there is a reasonable probability that, but for the failure to appeal the bolstering issue, the result of the direct appeal would have been different. Finally, this Court finds that the district court should be affirmed on all other issues.

Accordingly, this Court finds that the order of the district court denying the petition should be and it hereby is

AFFIRMED.

MURNAGHAN, Circuit Judge, dissenting:

Applying the governing test articulated in Strickland v. Washington, 466 U.S. 668, 694 (1984), I find Fox's counsel ineffective for failing to present the improper bolstering argument on appeal. While I agree with the majority's determination that United States v. Taylor, 900 F.2d 779 (4th Cir. 1990), did not create a new rule of law, I do not agree that because the opinion was rendered after Fox's direct appeal, Fox's attorney could reasonably have judged the prosecutorial bolstering claim weak.

The law underlying Taylor was clearly established before the filing of Fox's appellate briefs in October and December 1989. On appeal, therefore, a competent attorney would have challenged the trial judge's decision to overrule defense objections and admit the bolster-

8

ing testimony unless he had a strategic reason for not doing so. Furthermore, Fox has shown that, in light of United States Supreme Court and Fourth Circuit precedent, a reasonable attorney would have recognized the vulnerability of each of the three challenges that were presented on appeal. Therefore, Fox has sufficiently demonstrated that "counsel omitted [a] significant and obvious issue[ ] while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 115 S. Ct. 81 (1994).

Moreover, Fox has established with reasonable probability that the outcome of his appeal would have been different had his attorney pursued the bolstering claim. Strickland, 466 U.S. at 694; Mayo, 13 F.3d at 534. In asserting that there is "no guarantee" that the challenge would have been successful on direct appeal, the majority applies an improper standard. Strickland requires the petitioner to show only "that there is a reasonable probability that, but for counsels unprofessional errors, the result of the proceedings would have been different." 466 U.S. at 694.

As noted in Mayo, "[t]he outcome determination . . . may be made with the benefit of hindsight." 13 F.3d at 534. Here, hindsight demonstrates that, in our circuit, such improper bolstering is not harmless. In Taylor, we ordered a new trial after finding that the prosecution had improperly used techniques similar to those employed at Fox's trial in order to bolster the credibility of the same government informant. 900 F.2d at 783. While there are some differences between the circumstances in the present matter and in Taylor, those deviations are not significant enough to compel a different outcome.* In both cases, Phillips, the confidential informant, was the government's critical witness. His experience allowed him to offer the only direct evidence of drug dealing by the defendant. While in Fox's case, a police detective could place Fox at the location of the drug sales and an FBI

_____

*Prosecutorial misconduct, which includes improper bolstering, is often viewed as harmless when the judge has given a curative or limiting instruction and the case is not a close one. See United States v. Kerr, 981 F.2d 1050, 1053-54 (9th Cir. 1992); United States v. Moore, 710 F.2d 157, 160 (4th Cir.), cert. denied, 464 U.S. 862 (1983). Here, neither circumstance is present.

9

agent could say that the voice on the tape sounded like Fox. Phillips's testimony was the only first-hand proof of Fox's guilt. Furthermore, although the prosecution offered audiotapes to corroborate Phillips's testimony, they would have been close to meaningless without the informant's accompanying explanation of the transactions.

Therefore, as with Taylor, whether the jury found Fox guilty or innocent depended chiefly on whether it believed Phillips. The evidence of other indictments and convictions obtained with Phillips's prior cooperation may indeed have helped establish his credibility in the minds of the jury. Without such evidence, the jury may well have discounted Phillips's testimony as the unreliable words of a drug addict and acquitted Fox. These considerations may bring reasonable doubt into play. Because the improper evidence may have thus affected the verdict, counsel had a reasonable likelihood of success on direct appeal. Mindful that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome," Strickland, 466 U.S. at 694, I therefore find a reasonable probability that the outcome of the direct appeals would have been different if the improper bolstering claim had been pursued.

In sum, I find counsel's failure to challenge the prosecutorial bolstering both incompetent and prejudicial. Accordingly, I would grant Fox the relief he seeks. In all other respects, I find the majority's opinion acceptable and, hence, concur on the remaining issues.

10