UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5828

TOM AARON TATE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-94-147-MU)

Submitted: July 31, 1998

Decided: August 31, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON,
LAUGHRUN & LEVINE, P.A., Charlotte, North Carolina, for
Appellant. Mark T. Calloway, United States Attorney, Brian L. Whis-
ler, Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tom Aaron Tate ("Tate") appeals his convictions for conspiracy to obstruct, delay, and affect commerce by robbery, in violation of 18 U.S.C.A. § 1951(a) (West Supp. 1998); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1998); and possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1998). We affirm.

From February 1994 through July 1994, Tate, along with co-defendants Randy Tate and Michael Anthony Edwards, robbed six vending truck operators at gunpoint in the Charlotte, North Carolina area. The evidence at trial established that during the robberies, Tate and his accomplices wore ski masks and gloves, used duct tape to bind the drivers' hands and to cover the drivers' eyes and mouths, and intimidated the drivers through threats of death and violence, including the use of a .22 caliber revolver. Tate and his accomplices stole approximately $15,653 in currency, personal property and goods belonging to the vending services.

Following the sixth robbery, Charlotte police officers, on patrol in a local neighborhood, pulled over a vehicle driven by Tate to serve an outstanding warrant on Randy Tate, who was a passenger in the car along with Edwards. The officers arrested Randy Tate and detained Tate and Edwards. During a search of the vehicle, officers found a handgun, a Chicago Bulls t-shirt with two holes cut out, a ladies stocking with two holes cut out, another mask, and three pairs of gloves. The officers also found what appeared to be a white money bag containing the personal effects of one of the vending truck drivers who had been robbed and two money bags containing coins.

Following the defendants' arrest, Edwards provided three written statements implicating himself along with Tate and Randy Tate in the

2

vending truck robberies. Edwards also stated that Tate was in possession of a .22 caliber revolver during the robberies.

On appeal, Tate asserts that the evidence presented at trial was insufficient to support his convictions. To sustain a conviction, the evidence viewed in the light most favorable to the Government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993).

Tate first claims that the Government failed to provide an in-court identification. "A witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." United States v. Taylor, 900 F.2d 779, 782 (4th Cir. 1990) (citing Delegal v. United States, 329 F.2d 494 (5th Cir. 1964)). A review of the record discloses that there was ample evidence for the jury to infer that Tate was involved in the robberies. Edwards testified to being involved in two of the vending truck robberies in which Tate participated. The evidence also established that items from the robberies were found in the vehicle Tate was driving at the time of his arrest. Further, while in custody, Tate admitted to the officers that he had committed the last robbery.[1] When this evidence is construed in the light most favorable to the Government, we find that the jury could reasonably infer that Tate committed the robberies.

Tate next claims that the evidence at trial was insufficient to support a conviction under the Hobbs Act because it failed to show that the robbery "substantially affected" interstate commerce. Tate relies on United States v. Lopez, 514 U.S. 549 (1995), to support his contention. In Lopez, the Supreme Court invalidated 18 U.S.C.A. § 922(q)(1)(A) (West Supp. 1995), because the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 561. Unlike the statute at issue in Lopez, there is a jurisdictional element in the Hobbs Act and thus, the"substantially

_____

[1] While in custody, Tate signed a waiver of rights and agreed to answer questions.

3

affects" test is not applicable, and the government need only show a de minimis effect on interstate commerce. United States v. Farrish, 122 F.3d 146, 148-49 (2d Cir. 1997) (holding that "to satisfy the jurisdictional element of the Hobbs Act, the Government need only show a `minimal' effect on interstate commerce"), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3474, 66 U.S.L.W. 3545 (U.S. Feb. 23, 1998) (No. 97-1136); United States v. Atcheson, 94 F.3d 1237, 1241-42 (9th Cir. 1996), cert. denied, ___ U.S. #6D6D 6D#, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-7644); United States v. Stillo, 57 F.3d 553, 558 (7th Cir. 1995) (holding the de minimis test consistent with Lopez); United States v. Spanglo, 546 F.2d 1117, 1119 (4th Cir. 1976) ("[A]ll that is required to bring an extortion within the statute is proof of a reasonably probable effect on commerce, however minimal, as a result of the extortion.").

The evidence at trial showed that Tate robbed the vending truck drivers of over $8000 in currency, stole various personal effects from the drivers, and stole goods belonging to each vending service. Testimony further established that the vending services operated within interstate commerce. Thus, the evidence was sufficient to sustain a Hobbs Act charge.

Finally, Tate asserts that the evidence was insufficient to support the weapons charges. Tate claims that the evidence presented did not conform to the statutory definition of a firearm because the weapon used during the robberies did not have a firing pin. **2**

There is no requirement that a firearm be operable in order to satisfy the definition of firearm under 18 U.S.C. § 921(a)(3) (1994). See United States v. Brown, 117 F.3d 353, 355-56 (7th Cir. 1997) (holding that removal of firing pin does not disqualify weapon as "firearm"); United States v. Willis, 992 F.2d 489, 491 n.2 (4th Cir. 1993). Thus, viewing the evidence in the light most favorable to the Government, we find it sufficient to support Tate's conviction.

_____

**2** "[T]he term `firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C.§ 921(a)(3) (1994).

Lastly, Tate asserts that the district court violated Fed. R. Evid. 801(d)(1)(B)**3** by admitting the prior written statements of co-defendant Edwards. Tate claims that the prosecution admitted the evidence to bolster its witness. Because Tate did not object at trial, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

The record shows that on direct examination, Edwards testified that he provided three statements to the police--one prior to his arrest, one the day of his arrest, and one two days after his arrest--and that each statement was true at the time it was given. The prosecutor did not offer the statements into evidence on direct examination. On cross-examination, however, the defense questioned Edwards about the contents of the statements, attacking his credibility as a witness. On re-direct examination, the prosecution clarified how the statements were taken and moved to admit them into evidence.

The statements at issue were given before any plea negotiations began or before the involvement of counsel. Thus, the statements were provided before any alleged fabrication, improper influence or motive came into being. See Tome v. United States, 513 U.S. 150, 156 (1995). Further, the defense inquired as to the substance of the statements to demonstrate inconsistencies between the witness' pre-trial and trial statements thereby justifying the prosecution's request to admit the statements for completeness and rehabilitation. See, e.g., United States v. Ellis, 121 F.3d 908, 921 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095). We therefore find that the district court did not err in admitting the prior statements.

Accordingly, we affirm Tate's convictions. We dispense with oral argument because the facts and legal contentions are adequately pre-

_____

**3** Under Fed. R. Evid. 801(d)(1)(B), "[a] statement is not hearsay if-- [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."

5

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6