UNITED STATES of America,
Appellee,

v.

Salvatore GALLO, Defendant–
Appellant.

Docket No. 01–1052.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2002.

James A. Wade; Jeffrey C. Kestenband, on the brief, Hartford, CT, for Appellant.

James J. Finnerty, III; John A. Danaher, III, United States Attorney, James I. Glasser, on the brief, New Haven, CT, for Appellee.

Present POOLER, SOTOMAYOR, Circuit Judges, and GARAUFIS, District Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Defendant-appellant Salvatore Gallo appeals from the January 12, 2001 judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*), convicting him after a jury trial of one count of deprivation of civil rights under color of law, in violation of 18 U.S.C. § 242. The district court sentenced Gallo principally to 120 months imprisonment.

A federal grand jury returned a one count indictment against Gallo on June 3, 1999, and later returned a superseding three count indictment on May 4, 2000. A jury found Gallo guilty of count three, deprivation of civil rights under color of

---

* The Honorable Nicholas G. Garaufis, United States District Court Judge for the Eastern District of New York, sitting by designation.

law. (Counts one and two, obstruction of justice and making false material declarations, in violation of 18 U.S.C. § 1503(a) and 18 U.S.C. § 1623(a), respectively, were severed and remain pending.)

The evidence at trial showed that Gallo, a Hartford, Connecticut police officer, while in uniform and on duty, twice coerced the complainant, Latoya Grasser, into engaging in sexual acts under threat of arrest. In support of its case, the government offered, *inter alia,* the testimony of Grasser, who described the two incidents, the testimony of another woman who stated that Gallo had made a similar attempt to coerce her, and the testimony of three investigating officers, who described their investigation and recounted several incriminating statements Gallo made during an interview prior to his indictment. (Prior to trial, Gallo moved to suppress the statements he made in the interview. In support of his motion, Gallo submitted an affidavit and testified. The court denied his motion, finding his testimony not credible. His affidavit and testimony were the impetus for the government indicting Gallo on the additional counts of obstruction of justice and making false material declarations.) In support of his defense, Gallo testified, denying the allegations, contesting the investigators' description of his interview, and denying that he made any of the incriminating statements. He also cross examined all of the government witnesses and questioned both their recollections and their credibility. Gallo raises six claims on appeal, five stemming from evidentiary rulings and one challenging his sentence as illegal.

■ First, Gallo argues that the court erred in granting the government's *in limine* motion to prohibit the defense from entering, pursuant to Fed.R.Evid. 608(b), evidence of two specific instances of conduct for the purpose of attacking Grasser's credibility. The defense intended to introduce evidence that (1) Grasser had previously threatened another officer that she would accuse him of "criminal harassment" and "sexual rape," and (2) she convinced her husband to marry her by telling him he was the father of her child, which was not true. The trial court excluded the evidence as unfairly prejudicial under R. 403. Gallo argues that Grasser's credibility was the main issue at trial and that the court erred in excluding this credibility evidence because the evidence was highly probative and because the court did not explain why it found the evidence unfairly prejudicial.

We review all of Gallo's claims that the court erred in making evidentiary rulings for abuse of discretion. *See United States v. Dwyer,* 539 F.2d 924, 927 (2d Cir.1976). While it is obviously more helpful when the district court provides a clear analysis of the 403 factors, *see id.* at 927–28, it is not required to do so explicitly where, as here, it is evident from the record that the court conducted the necessary balance. *See United States v. Pitre,* 960 F.2d 1112, 1120 (2d Cir.1992) ("[W]here the issues of both the probative value and possible prejudicial effect of admitting prior act evidence are presented to the district court when it makes its decision to admit such evidence, a mechanical recitation of the Rule 403 analysis is not required."). Here, the record reflects that the court considered both the defense's arguments for admitting the evidence as proper credibility evidence under R. 608 and as highly probative under R. 403 and the government's arguments against admitting the evidence as unreliable and prejudicial. The court made a ruling after considering the oral arguments of the parties and reviewing the submitted legal briefs. The court clearly considered the admissibility of the evidence, under 608(b) and 403, and made a

determination that, unless used to rebut certain evidence submitted by the government, the evidence was unfairly prejudicial. We find the court did not abuse its discretion in so ruling.

■ Second, Gallo argues that the court erred in granting the government's *in limine* motion that, "If a material component of the defendant's cross-examination of [Grasser] is a specific attack on her credibility, such as a suggestion that she has fabricated her testimony against the defendant or that she is biased because she is receiving a benefit for her cooperation or testimony," then the government could rehabilitate Grasser's credibility by eliciting her testimony that other police officer defendants pleaded guilty after Grasser accused them. The court restricted this rehabilitation to "the extent the evidence is a direct response to a specific attack on the witness's credibility," and further ruled that it would also give a limiting instruction on the testimony. Gallo argues this ruling was erroneous not only under Rule 608(b), but also under the Fifth and Sixth Amendments, and that, because of the erroneous ruling, it did not vigorously attack Grasser's credibility. We find that the court's ruling is consistent with both evidentiary rules and constitutional requirements. Had Gallo initiated a specific attack on Grasser's credibility, suggesting she fabricated her allegation, the government was entitled rehabilitate her credibility by eliciting testimony from her that her similar accusations against two other officers resulted in their guilty pleas. *See United States v. Martinez*, 775 F.2d 31, 34, 36–38 (2d Cir.1985) (affirming admissibility of witness's testimony that two other guards pleaded guilty in response to his accusations to rebut defense's attack on his credibility, suggesting he made false accusations); *see also United States v. Lindemann*, 85 F.3d 1232, 1242–44 (7th Cir.1996) (affirming testimony that others pleaded guilty in response to witness's accusations to rebut defense's attack on witness as biased). *But see United States v. Taylor*, 900 F.2d 779, 781 (4th Cir.1990). The court did not abuse its discretion in finding this evidence sufficiently probative and ruling it admissible. Furthermore, we note that defense counsel did cross examine Grasser about her inconsistent physical description of Gallo, her drug habit, her criminal record, her use of false names, and her inconsistent grand jury testimony, all of which served to undermine her overall credibility.

■ Third, Gallo argues that the court violated his due process rights by granting the government's *in limine* motion that, if Gallo called character witnesses, the government could ask them if they were aware that Gallo had been indicted for perjury. Gallo claims this ruling was erroneous because it referred to an adverse consequence of the same conduct for which he was already on trial. Gallo asserts that, as a result of the court's ruling, he declined to call character witnesses. As an initial matter, we note that it does not appear that the defendant properly preserved this objection for appeal. Although the court gave its initial thoughts on the admissibility of the testimony, the record clearly shows that the court never made a ruling on the subject, apparently because the defense negated the need for a ruling by stating it was not calling character witnesses. However, even assuming Gallo had preserved this issue, we find no error in the court's tentative ruling. Committing an act and then lying about the commission of the act are two separate incidents of misconduct. Gallo's indictment for perjury was not a consequence of the same conduct for which he was on trial— the deprivation of a civil right. The perjury indictment was a consequence of Gallo's

*lying about* the deprivation of a civil right. Thus, although it is a fine distinction, the two acts are separate acts, and the government was entitled to ask character witnesses whether they were aware of the separate act. *Cf. United States v. Bush,* 58 F.3d 482, 488–90 (9th Cir.1995).

■ Next, Gallo argues that the court erred in ruling that, "The government may cross examine the defendant as to the fact that there was a finding in another proceeding that his testimony was not credible, but, the government is not permitted to tie the finding to this matter unless the defendant does so first." Based on this ruling, the government, after asking the defendant if he had testified in another court proceeding, asked, "And the finder of fact, the judge in connection with that proceeding, didn't credit your version of events, correct?" After the defendant equivocated in his answer, and the court allowed the government to ask the question, "Isn't it a fact, sir, that you were subsequently charged with perjury?" Gallo argues this line of questioning violated R. 608(b) in that it improperly impeached the defendant with extrinsic evidence—in this case, the evidence of a third party's conclusions as to Gallo's conduct. Rule 608(b) specifically allows the questioning of a witness about specific instances of. conduct to attack the witness's credibility. Asking the witness about a specific instance of conduct other than the one for which he is on trial for the purpose of attacking his credibility is not extrinsic evidence. Had Gallo denied the perjury charge and had the government attempted to introduce the indictment, that would constitute extrinsic evidence. Simply asking the defendant the question is not extrinsic evidence. Thus, the questioning was not improper under R. 608, and the court did not abuse its discretion. *See United States v. Bagaric,* 706 F.2d 42, 65

(2d Cir.1983), *abrogated on other grounds by National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

■ Fifth, Gallo argues that, considered together, the court's evidentiary rulings were so inherently inconsistent as to deny him his due process right to a fair trial. The defendant argues that the court's rulings (1) were inconsistent under R. 403 in that the court admitted the government's evidence of Gallo's perjury indictment as probative, but excluded the defense's evidence of Grasser's false threat against another officer and false paternity accusation as unfairly prejudicial; and (2) were inconsistent under R. 404(b) in that the court admitted the government's evidence of another woman's testimony that Gallo threatened her, but excluded the defense's evidence that Grasser falsely threatened another officer. Essentially, Gallo argues that if the court admitted the government's 404(b) evidence, it had to admit the defense's 404(b) evidence, and likewise with the 403 evidence. Gallo argues that the evidence the court prohibited the defense from admitting was more probative and less inflammatory than the evidence it allowed the government to admit and that, as a criminal defendant, he is entitled to greater protection against prejudicial evidence. Gallo's argument is without merit. The fact that two separate pieces of evidence were offered under the same evidentiary theory does not mean that the court must admit both or exclude both. The court properly considered the admissibility of each piece of evidence and analyzed it according to the proffered theory of admission. Considered as a whole, the court's evidentiary rulings were not unfair or biased against the defendant, and they did not violate his right to due process or to confront his accuser. We find no abuse of discretion.

■ Furthermore, as to all of Gallo's evidentiary challenges, we note that a trial court has broad discretion in making evidentiary rulings, particularly in a case such as this where the main issue is credibility. We find that the trial court did not abuse its discretion. In addition, the evidence against Gallo was substantial, and, assuming arguendo, that the court erred in a ruling, any error was harmless.

■ Finally, Gallo argues that the court imposed an illegal sentence by punishing Gallo for exercising his constitutional right to go to trial. Gallo bases this argument on some of the court's comments during sentencing, which noted the plea agreement the government proposed, on the fact that he received a longer sentence than another officer who pled guilty in a case involving worse conduct, and on the fact that the court sentenced him to the statutory maximum, which Gallo argues is an excessively harsh sentence. Gallo's arguments are completely without merit. First, the court's comments, read in the context of the entire sentencing proceeding, do not evidence vindictiveness or suggest that the court was punishing Gallo because he did not plead guilty. In fact, it appears that the only reason the court had occasion to comment on the proposed plea agreement was because the defense insisted, over government objection, that the fact that the government had once offered Gallo a lenient plea bargain was relevant to determining the length of his sentence after being found guilty by a jury. Clearly, it is not, and the court did not act improperly by responding to this issue raised by the defense. Second, any disparity between Gallo's sentence and the sentence of another individual is irrelevant for purposes of demonstrating an unconstitutional sentence. *See United States v. Rooney,* 866 F.2d 28, 33 (2d Cir.1989). Finally, the court's sentence was entirely in accordance with the Guidelines and with the statute. Gallo's conviction resulted in a sentencing range of 210 to 262 months. Because the statutory maximum for the offense is 120 months, the court properly sentenced Gallo to 120 months. *See* U.S.S.G. § 5G1.1(a).

We find all of Gallo's remaining arguments to be without merit.