**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4509**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

   v.

EMMANUEL KUSI APPIAH, a/k/a Manny,

       Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:17-cr-00635-TDC-1)

Submitted: April 20, 2021                       Decided: May 14, 2021

Before KING, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Rockville, Maryland, for Appellant. Robert K. Hur, United States Attorney, Burden H. Walker, Assistant United States Attorney, Gregory D. Bernstein, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Emmanuel Kusi Appiah of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349; four counts of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344, 2; and two counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 1028A(a)(1), 2. On appeal, Appiah raises three challenges to his convictions. Finding no reversible error, we affirm.

Appiah first contends that the district court erred in sua sponte declining to remove a juror who revealed that she had not been able to observe him during trial because of an obstruction in the courtroom. Although Appiah contends that this is a structural error, we consider "a district court's determination of juror competency to be a finding of fact, which will not be overturned absent clear error." *United States v. Gray*, 47 F.3d 1359, 1366 (4th Cir. 1995). Appiah did not request that the district court excuse the juror, and we review even unpreserved claims of structural error for plain error. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014); *see also United States v. Johnson*, 409 F. App'x 688, 692 (4th Cir. 2011) (No. 09-4837) (reviewing for plain error unpreserved claim that the district court erred by failing to remove a sleeping juror). To succeed on plain error review, Appiah must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ramirez-Castillo*, 748 F.3d at 212. A structural error necessarily satisfies the third plain error prong. *Id.* at 215.

Appiah's failure to cite to any case finding a juror incompetent when there was an obstruction in the courtroom hindering her ability to see the defendant proves fatal to his

2

claim of error. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (brackets and internal quotation marks omitted)). And we have previously upheld verdicts in several cases in which juror incompetence was alleged. For example, we considered an argument that a juror was sleeping or dozing, observed that this only occurred on a couple of occasions, and concluded that there was no "evidence that the juror was unable to consider the case fairly." *Johnson*, 409 F. App'x at 692. We have also rejected a claim of error when "certain jurors spoke English as a second language and that two jurors had difficulty understanding all the proceedings and needed the assistance of other jurors to comprehend certain issues at trial." *Gray*, 47 F.3d at 1368. Additionally, we concluded that a juror who suffered from schizophrenia was able to serve when the defendant did not present definitive evidence that the juror was incompetent at the time of trial. *United States v. Hall*, 989 F.2d 711, 714 (4th Cir. 1993). Thus, we discern no plain error in this case.

Appiah next contends that the district court erred in answering a question from the jury because the court's response that the jury should consider the photographs of the defendant admitted in evidence included a factual determination that he was the individual seen in photographs taken from ATM surveillance cameras. Generally, we review a district court's response to a jury's question for an abuse of discretion. *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016). "[W]hen the jury asks a clarifying question, the court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately

3

without creating prejudice." *Id.* (internal quotation marks omitted). However, because Appiah failed to object to the court's response, we review for plain error. *Id.*

We conclude that the district court did not err in responding to the jury's question. The court's response instructed the jury to consider all of the evidence in the case, including the photographs of Appiah. And the Government is correct that there were photographs of Appiah in the record that were not from the surveillance cameras—a copy of Appiah's driver's license photograph and a personal photograph. Thus, the district court did not err, let alone plainly err, in responding to the question.

Finally, Appiah argues that there is insufficient evidence supporting the jury's verdict. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

Appiah does not contend that the Government failed to establish any element of the various offenses, but instead argues that the Government failed to establish his identity or role in the offense. *See United States v. Taylor*, 900 F.2d 779, 782 (4th Cir. 1990) (recognizing there must be sufficient evidence "to permit the inference that the person on trial was the person who committed the crime"). However, we disagree. The jury had ample evidence—photographs of Appiah, the bracelet found on his person when he was arrested, and his former girlfriend's testimony—to determine that Appiah was the person seen in the surveillance photographs. *See United States v. Holley*, 502 F.2d 273, 274 (4th Cir. 1974) (holding that "the identification of a criminal actor by one person is itself evidence sufficient to go to the jury and support a guilty verdict"). Additionally, law enforcement observed Appiah retrieve mail from a vacant building and they recovered it when Appiah discarded it in two separate trash cans three miles away from the vacant building. Law enforcement reviewed the mail, which consisted of account statements and related material, subpoenaed documents from these accounts, and determined that the accounts were opened in the names of victims whose identities were stolen and that checks stolen from other victims were deposited into these accounts. Although Appiah may have not opened these accounts, this evidence was sufficient to establish his liability as a coconspirator and aider and abettor. *See* 18 U.S.C. § 2; *Rosemond v. United States*, 572 U.S. 65, 70 (2014) (stating that aiders and abettors are punishable as principals); *United States v. Blackman*, 746 F.3d 137, 141 (4th Cir. 2014) (discussing liability under *Pinkerton v. United States*, 328 U.S. 640 (1946)).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*