**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 22-4076

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DANIEL EUGENE ROWLAND,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:21-cr-00002-JPJ-PMS-1)

---

Submitted:  April 3, 2023                                Decided:  April 19, 2023

---

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, PC, Abingdon, Virginia, for Appellant.  Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Eugene Rowland was convicted by a jury of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; two counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); use of a communication facility in facilitating a controlled substance offense, in violation of 21 U.S.C. § 843(b), (d); and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  The district court sentenced Rowland to 420 months' imprisonment and 10 years of supervised release.  On appeal, Rowland's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether there is sufficient evidence to support Rowland's conviction for distributing methamphetamine as alleged in count 2 and whether the sentence imposed is reasonable.  Rowland was notified of his right to file a pro se supplemental brief but has not done so, and the Government has declined to file a response brief.  We affirm.

We review the denial of Rowland's motion for judgment of acquittal de novo. *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020).  In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government.  *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "[S]ubstantial evidence is evidence that a

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (alteration in original). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. Moreover, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

In order to establish a violation of 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that "(1) [the] defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution the defendant knew that the substance distributed was a controlled substance under the law." *United States v. Howard*, 773 F.3d 519, 526 (4th Cir. 2014) (quoting *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005) (alteration in original). "[T]he identification of a criminal actor by one person is itself evidence sufficient to go to the jury and support a guilty verdict . . . ." *United States v. Holley*, 502 F.2d 273, 274 (4th Cir. 1974). Further, "[a] witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *United States v. Taylor*, 900 F.2d 779, 782 (4th Cir. 1990). For example, where a witness "testifie[s] extensively about his earlier contacts with [the defendant] and about purchasing the drugs from [the defendant]," a jury can reasonably infer that the defendant is the person who sold drugs to the witness. *Id.*

3

We conclude that there is substantial evidence to support Rowland's conviction for distributing methamphetamine as alleged in count 2. While the confidential informant was unable to identify Rowland in the courtroom as the person who sold her the methamphetamine, there is other evidence that, viewed in the light most favorable to the Government, supports Rowland's conviction. In particular, the confidential informant identified Rowland's voice from an audio recording of the controlled purchase and communicated on Facebook with someone using the name Daniel Rowland, with a profile photograph of Rowland. Under the circumstances of this case, we conclude that a jury could reasonably find that Rowland distributed methamphetamine as alleged in count 2.

Turning to Rowland's challenge to his sentence, we review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within or below a properly calculated Guidelines range is presumptively reasonable.

4

*United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut the presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Rowland's sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, and while Rowland argued for a sentence below the Guidelines range, the court rejected Rowland's mitigation arguments, concluding that a within-Guidelines sentence was appropriate given the nature and circumstances of the offenses, Rowland's criminal history, and the need to avoid unwarranted sentencing disparities. Rowland fails to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Rowland, in writing, of the right to petition the Supreme Court of the United States for further review. If Rowland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rowland.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*